[Armstrong v. Harper.]

# Armstrong *v.* Harper.

*Action on Bond of Indemnity.*

1. *Entries in cause at term subsequent to rendition of final decree.*—After a final judgment or decree has been rendered in a cause, and the term of the court has closed, the parties to the cause are discharged from further attendance; and an entry of payment, or satisfaction, as to one of defendants, made at a subsequent term, is not binding upon a party in interest, nor evidence against him, when made without notice to him.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. F. S. FERGUSON, an attorney of the court, selected by the parties on account of the incompetency from interest of the presiding judge.

This action was brought by John W. Harper, against Thomas W. Armstrong, William H. Hunter, and John Hardy, to recover damages for the breach of the condition of a penal bond, which, as set out in the complaint, was in these words : " The condition of the above obligation is such, that whereas the said John W. Harper has, by deed of conveyance of even date with this instrument, bargained, sold and quit-claimed, to the said Thomas W. Armstrong, all the right, title and interest of the said John W. Harper in and to a certain tract of land," describing it, " for the consideration in said deed stated ; and whereas, there are suits now pending in said State courts instituted by Mrs. Amaranth L. Gayle, the widow of Matt. Gayle, deceased, for her dower interest, and for damages alleged to have been committed by the said John W. Harper, his agents, or attorneys, in taking possession of said land, under process from the United States District Court at Montgomery,—the said widow claiming at the time the right of possession until her dower was set apart : Now, if the said Thomas W. Armstrong, his heirs, executors, administrators, and assigns, shall protect and hold the said John W. Harper, his heirs, executors, administrators and assigns, and his agent or attorney. harmless from all damages, dower and right of dower, claims and demands, set up, held, claimed, or to be set up, or which may hereafter be set up, held or claimed, by or on behalf of the said Mrs. A. L. Gayle, her heirs, executors," &c., then the bond to be void. The complaint set out the condition of this bond, and alleged, as one of the breaches assigned, that in one of the suits therein mentioned, " being a suit in

[Armstrong v. Harper.]

the Chancery Court of Lowndes county, in which the said Mrs. A. L. Gayle was complainant, and plaintiff and said Armstrong were defendants, the said Mrs. A. L. Gayle recovered of said defendants a large sum, to-wit : the sum of $3,000 ; all of which plaintiff was compelled to pay, and did pay, the said suit being one of the suits provided for in said bond ; and the said Armstrong has failed and refused to pay plaintiff the same, or any part thereof."

A judgment by default was entered against Hardy. A plea of discharge in bankruptcy was interposed by Hunter, which was confessed, and he was discharged. A plea to the merits was interposed by Armstrong (the record does not show what the plea was), on which issue was joined, and a trial was had. "On the trial," as the bill of exceptions states, "the plaintiff read in evidence the original bond described in the complaint, and introduced evidence showing that a suit had been commenced in the Chancery Court of Lowndes, by Mrs. A. L. Gayle, the widow of Matt. Gayle, deceased, against said plaintiff and said defendant, for her dower interest in the lands mentioned in said bond ; and that a decree had been rendered in her favor, for a large sum, against the said Harper and Armstrong, after defense by both of them. The plaintiff then offered in evidence, for the purpose of showing that he had paid a large sum of money upon said decree, an entry made by Hon. H. AUSTILL, the chancellor of the Southern Chancery Division, during a session of the Chancery Court at Hayneville, upon a paper filed in the said court among the papers of said chancery cause, and copied upon the minutes of the proceedings of said court, written and signed upon the day on which it purports to have been signed, but long after the term at which the final decree in said chancery cause had been rendered ; a copy of which" was made an exhibit to the bill of exceptions, being as follows :

"Amaranth L. Gayle    In Chancery at Hayneville.
        vs.              In this case, it appears, upon sat-
  John W. Harper,      factory evidence, that on the 3d day
  Thos. W. Armstrong.  of February, 1876, the defendant
John W. Harper paid to complainant the sum of three thousand dollars, which said complainant agreed to receive, and did receive, in full satisfaction of the decree heretofore rendered in this cause, as against the said John W. Harper, reserving only the right to collect the residue of said decree from the defendant Thomas W. Armstrong. It is thereupon ordered, adjudged, and decreed, on motion of the complainant, that the decree heretofore rendered in this cause, as against the said John W. Harper, is hereby fully satisfied,

[Armstrong v. Harper.]

and discharged of record, and that said John W. Harper, his heirs and representatives, be and are hereby forever discharged from all liability on account of the same."

"The defendant objected to the introduction of this entry as evidence, on the ground that it was illegal, irrelevant, and improper, and was the mere declaration of the said Austill, and was hearsay, and was not binding on the defendant as a judicial proceeding"; and he reserved an exception to the overruling of his objections. "This being all the evidence showing, or tending to show, that the plaintiff had ever paid any thing to Mrs. A. L. Gayle, or to any other person, on account of the matters charged in the declaration; and the plaintiff having closed his case, the defendant offering no evidence; thereupon, the court charged the jury," on the request in writing of the plaintiff, "if they believed the evidence, they should find for the plaintiff, the said sum of three thousand dollars, with interest from the commencement of this suit." The defendant excepted to this charge, and he here assigns it as error, together with the ruling of the court in admitting the said entry as evidence.

WATTS & SONS, and GUNTER & BLAKEY, for appellant.

R. M. WILLIAMSON, contra.

BRICKELL, C. J.—The entry of record, of the payment made by Harper, on the decree rendered by the Chancery Court in favor of Mrs. Gayle against him and Armstrong, was made at a term subsequent to the rendition of the final decree in the cause. As we understand the expression *final decree*, found in the bill of exceptions, it was the decree determining all the rights, and adjusting all the equities of the parties, leaving nothing further to be done by the court, and terminating the suit. When such a decree is rendered, the parties are discharged from further attendance upon the court. If other proceedings from any cause become necessary, it results, that of them the party to be affected must have notice : and if they are taken without notice to him, they are not binding upon, or evidence against him. Hence, it has several times been decided by this court, that when a motion is made to enter satisfaction of a judgment, notice to the plaintiff is indispensable.—2 Brick. Dig. 154, § 329. This entry of satisfaction having been made when Armstrong was not before the Court of Chancery,—when he was not under the duty of attending—it is not evidence against him, of the facts recited in it. He was neither a party nor

[Loeb & Bro. v. Flash Brothers.]

privy to it; and the recitals of records are evidence only against the parties or privies to them.

The Circuit Court erred in its several rulings, and the judgment must be reversed, and the cause remanded.